AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Catherine A. Shaghalian, Esq.
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, , acknowledge receipt of your request

that I waive service of summons in the action of Robin Hannon v. Johnson & Johnson, et al.
(Caption of Action)

which is case number 07-127S in the UNITED STATES DISTRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after April 4, 2007, or within 90 days
(Date Request Was Sent)
after that date if the request was sent outside the United States.

April 16, 2007
Date

Signature

Julie A. Callsen, Agent
Printed/Typed Name

Johnson & Johnson
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# CERTIFICATE OF SERVICE

To:

Julie A. Callsen, Esq.
Tucker, Ellis & West, LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414

Michelle A. Parfitt, Esq.
Jennifer L. Orendi, Esq.
Ashcraft & Gerel, LLP
2000 L Street, N.W. – Suite 400
Washington, DC 20036

I hereby certify that I electronically filed this Waiver of Service of Summons on May 3, 2007. The Waiver is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Catherine A. Shaghalian