**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBIN HANNON,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C. f/k/a R.W. JOHNSON PHARMACEUTICAL RESEARCH INSTITUTE, and ORTHO-MCNEIL PHARMACEUTICAL, INC.,<br><br>Defendants. | ) | CIVIL ACTION NO. 07-127<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS JOHNSON & JOHNSON, ORTHO-MCNEIL PHARMACEUTICAL, INC. AND JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, L.L.C. ("Defendants"), by and through counsel, hereby respond to the allegations set forth in Plaintiff's Complaint as follows:

## BACKGROUND

1. Defendants deny the allegations contained in paragraph 1 of plaintiff's Complaint.

2. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. designed, developed, manufactured, tested, promoted, marketed, distributed, and sold ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 2 of plaintiff's Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of plaintiff's Complaint contains a legal conclusion to which no response is required. Defendants are without knowledge or information sufficient to form a belief

as to the remaining allegations contained in paragraph 3 of plaintiff's Complaint.

4. Paragraph 4 of plaintiff's Complaint contains a legal conclusion to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 of plaintiff's Complaint.

5. Paragraph 5 of plaintiff's Complaint contains a legal conclusion to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 5 of plaintiff's Complaint.

## PARTIES

6. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiff's Complaint.

7. Defendants admit that defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey.

8. Defendants deny the allegations contained in paragraph 8 of plaintiff's Complaint.

9. Defendants admit that defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. is a New Jersey entity with its principal place of business in New Jersey. Defendants deny the remaining allegations contained in paragraph 9 of plaintiff's Complaint.

10. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. designed, developed, manufactured, tested, promoted, marketed, distributed, and sold ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 10 of plaintiff's Complaint.

11. Defendants admit the allegations contained in paragraph 11 of plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12 of plaintiff's

Complaint.

13. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. is a Delaware corporation with its principal place of business in New Jersey.

14. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. designed, developed, manufactured, tested, promoted, marketed, distributed, and sold ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 14 of plaintiff's Complaint.

15. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. is a subsidiary of Johnson & Johnson.

## **FACTUAL ALLEGATIONS**

16. Defendants admit that ORTHO EVRA® is a combination transdermal contraceptive patch which is available by prescription for the prevention of pregnancy.

17. Defendant Ortho-McNeil Pharmaceutical, Inc. admits that on the Ortho-McNeil Pharmaceutical, Inc. Web site, it states that: "Ortho-McNeil Pharmaceutical is a pioneer in contraception and a leader in women's health care. Ortho-McNeil offers the broadest range of prescription birth control options…" Defendants deny the remaining allegations contained in paragraph 17 of plaintiff's Complaint.

18. Defendants admit the allegations contained in paragraph 18 of plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of plaintiff's Complaint.

20. Defendants deny the allegations contained in paragraph 20 of plaintiff's Complaint.

21. Defendants admit that a New Drug Application ("NDA") was filed for ORTHO EVRA® with the FDA in December 2000.

22. Defendants admit that the NDA provides for the prescription use of ORTHO EVRA® for the prevention of pregnancy.

23. Defendants deny the allegations contained in paragraph 23 of plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of plaintiff's Complaint.

27. Defendants admit that clinical trials were conducted, pursuant to an FDA approved NDA, which were reviewed by the FDA prior to FDA approval of ORTHO EVRA® for prescription drug use by physicians. Defendants deny the remaining allegations contained in paragraph 27 of plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of plaintiff's Complaint.

29. Defendants deny the allegations contained in paragraph 29 of plaintiff's Complaint.

30. Defendants admit that the FDA Medical Officer's Review for ORTHO EVRA® states what it states. Defendants deny the remaining allegations contained in paragraph 30 of plaintiff's Complaint.

31. Defendants admit that the FDA approved the use of ORTHO EVRA® for the prevention of pregnancy in November 2001. Defendants deny the remaining allegations contained in paragraph 31 of plaintiff's Complaint.

32. Defendants deny the allegations contained in paragraph 32 of plaintiff's Complaint.

33. Defendants deny the allegations contained in paragraph 33 of plaintiff's Complaint.

34. Defendants admit that the November 2001 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 34 of plaintiff's Complaint alleges improper conduct on the part of defendants, such allegations are denied.

35. Defendants admit that the November 2001 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 35 of plaintiff's Complaint alleges improper conduct on the part of defendants, such allegations are denied.

36. Defendants admit that the November 2001 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 36 of plaintiff's Complaint alleges improper conduct on the part of defendants, such allegations are denied.

37. Defendants admit that the November 2001 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 37 of plaintiff's Complaint alleges improper conduct on the part of defendants, such allegations are denied.

38. Defendants deny the allegations contained in paragraph 38 of plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of plaintiff's

Complaint.

40. Defendants admit that as with all prescription medicine, adverse events are reported to the FDA by a variety of people and entities. Defendants deny the remaining allegations contained in paragraph 40 of plaintiff's Complaint.

41. Defendants admit that as with all prescription medicine, adverse events are reported to the FDA by a variety of people and entities. Defendants deny the remaining allegations contained in paragraph 41 of plaintiff's Complaint.

42. Defendants admit that as with all prescription medicine, adverse events are reported to the FDA by a variety of people and entities. Defendants deny the remaining allegations contained in paragraph 42 of plaintiff's Complaint.

43. Defendants admit that as with all prescription medicine, adverse events are reported to the FDA by a variety of people and entities. Defendants deny the remaining allegations contained in paragraph 43 of plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of plaintiff's Complaint.

[Paragraph 46 of plaintiff's Complaint is Missing.]

47. Defendants admit that the November 2005 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 47 of plaintiff's Complaint alleges improper conduct on the part of defendants, such allegations are denied.

48. Defendants admit that the November 2005 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 48 of plaintiff's Complaint alleges improper

conduct on the part of defendants, such allegations are denied.

49. Defendants admit that the November 2005 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 49 of plaintiff's Complaint alleges improper conduct on the part of defendants, such allegations are denied.

50. Defendants deny the allegations contained in paragraph 50 of plaintiff's Complaint.

51. Defendants deny the allegations contained in paragraph 51 of plaintiff's Complaint.

52. Defendants deny the allegations contained in paragraph 52 of plaintiff's Complaint.

53. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of plaintiff's Complaint.

54. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of plaintiff's Complaint.

55. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of plaintiff's Complaint.

56. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of plaintiff's Complaint.

57. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of plaintiff's Complaint.

58. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of plaintiff's Complaint.

59. Defendants are without knowledge or information sufficient to form a belief as to

the allegations contained in paragraph 59 of plaintiff's Complaint, and therefore these allegations are denied.

60. Defendants are without knowledge or information sufficient to form a belief as to plaintiff's state of mind. Defendants deny the remaining allegations contained in paragraph 60 of plaintiff's Complaint.

61. Defendants deny the allegations contained in paragraph 61 of plaintiff's Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

62. Defendants repeat their answers to the allegations of paragraphs 1 through 61 of plaintiff's Complaint as if set forth at length herein.

63. Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 63 of plaintiff's Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

64. Defendants deny the allegations contained in paragraph 64 of plaintiff's Complaint.

65. Defendants deny the allegations contained in paragraph 65 of plaintiff's Complaint.

66. Defendants deny the allegations contained in paragraph 66 of plaintiff's Complaint.

67. Defendants deny the allegations contained in paragraph 67 of plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**
**(STRICT LIABILITY)**

68. Defendants repeat their answers to the allegations of paragraphs 1 through 67 of plaintiff's Complaint as if set forth at length herein.

69. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. designed, developed, manufactured, tested, promoted, marketed, distributed, and sold ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 69 of plaintiff's Complaint.

70. Defendants deny the allegations contained in paragraph 70 of plaintiff's Complaint.

71. Defendants deny the allegations contained in paragraph 71 of plaintiff's Complaint.

72. Defendants admit that ORTHO EVRA® was expected to reach consumers in the United States without substantial change in the condition in which it was sold. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 72 of plaintiff's Complaint.

73. Defendants deny the allegations contained in paragraph 73 of plaintiff's Complaint.

74. Defendants deny the allegations contained in paragraph 74 of plaintiff's Complaint.

75. Defendants deny the allegations contained in paragraph 75 of plaintiff's Complaint.

76. Defendants deny the allegations contained in paragraph 76 of plaintiff's

Complaint.

77. Defendants deny the allegations contained in paragraph 77 of plaintiff's Complaint.

78. Defendants deny the allegations contained in paragraph 78 of plaintiff's Complaint.

**THIRD CLAIM FOR RELIEF**
**(MISREPRESENTATION)**

79. Defendants repeat their answers to the allegations of paragraphs 1 through 78 of plaintiff's Complaint as if set forth at length herein.

80. Defendants deny the allegations contained in paragraph 80 of plaintiff's Complaint.

81. Defendants deny the allegations contained in paragraph 81 of plaintiff's Complaint.

82. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of plaintiff's Complaint.

83. Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 83 of plaintiff's Complaint.

84. Paragraph 84 of plaintiff's Complaint contains a legal conclusion to which no response is required.

85. Defendants deny the allegations contained in paragraph 85 of plaintiff's Complaint.

86. Defendants deny the allegations contained in paragraph 86 of plaintiff's Complaint.

87. Defendants deny the allegations contained in paragraph 87 of plaintiff's

Complaint.

88. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of plaintiff's Complaint, and therefore these allegations are denied.

89. Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 89 of plaintiff's Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

90. Defendants are without knowledge or information sufficient to form a belief as to plaintiff's state of mind. Defendants deny the remaining allegations contained in paragraph 90 of plaintiff's Complaint.

91. Defendants deny the allegations contained in paragraph 91 of plaintiff's Complaint.

**FOURTH CLAIM FOR RELIEF**
**(BREACH OF IMPLIED WARRANTY)**

92. Defendants repeat their answers to the allegations of paragraphs 1 through 91 of plaintiff's Complaint as if set forth at length herein.

93. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. designed, manufactured, marketed, distributed, supplied and sold ORTHO EVRA®, which is used for the prevention of pregnancy. Defendants deny the remaining allegations contained in paragraph 93 of plaintiff's Complaint.

94. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. manufactured, marketed, distributed, supplied and sold ORTHO EVRA®, which is used for the

prevention of pregnancy. The remainder of paragraph 94 of plaintiff's Complaint contains a legal conclusion to which no response is required.

95. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 95 of plaintiff's Complaint, and therefore these allegations are denied.

96. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 96 of plaintiff's Complaint.

97. Defendants deny the allegations contained in paragraph 97 of plaintiff's Complaint.

98. Defendants deny the allegations contained in paragraph 98 of plaintiff's Complaint.

99. Defendants deny the allegations contained in paragraph 99 of plaintiff's Complaint.

**FIFTH CLAIM FOR RELIEF**
**(BREACH OF EXPRESS WARRANTY)**

100. Defendants repeat their answers to the allegations of paragraphs 1 through 99 of plaintiff's Complaint as if set forth at length herein.

101. Defendants deny the allegations contained in paragraph 101 of plaintiff's Complaint.

102. Defendants deny the allegations contained in paragraph 102 of plaintiff's Complaint.

103. Defendants deny the allegations contained in paragraph 103 of plaintiff's Complaint.

104. Defendants deny the allegations contained in paragraph 104 of plaintiff's

Complaint.

105. Defendants deny the allegations contained in paragraph 105 of plaintiff's Complaint.

106. Defendants deny the allegations contained in paragraph 106 of plaintiff's Complaint.

107. Defendants deny the allegations contained in paragraph 107 of plaintiff's Complaint.

108. Defendants deny the allegations contained in paragraph 108 of plaintiff's Complaint.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF CONSUMER PROTECTION STATUTE)**

109. Defendants repeat their answers to the allegations of paragraphs 1 through 108 of plaintiff's Complaint as if set forth at length herein.

110. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. sold ORTHO EVRA®.

111. Defendants deny the allegations contained in paragraph 111 of plaintiff's Complaint.

112. Defendants deny the allegations contained in paragraph 112 of plaintiff's Complaint.

113. Defendants deny the allegations contained in paragraph 113 of plaintiff's Complaint.

114. Defendants deny the allegations contained in paragraph 114 of plaintiff's Complaint.

115. Defendants deny the allegations contained in paragraph 115 of plaintiff's Complaint.

116. Defendants deny the allegations contained in paragraph 116 of plaintiff's Complaint.

## **FRAUDULENT CONCEALMENT**

117. Defendants repeat their answers to the allegations of paragraphs 1 through 116 of plaintiff's Complaint as if set forth at length herein, and they deny the allegations contained in paragraph 117 of plaintiff's Complaint.

## **COMPENSATORY DAMAGES**

118. Defendants repeat their answers to the allegations of paragraphs 1 through 117 of plaintiff's Complaint as if set forth at length herein, and they deny the allegations contained in paragraph 118 of plaintiff's Complaint.

## **EXEMPLARY AND ADDITIONAL DAMAGES**

119. Defendants repeat their answers to the allegations of paragraphs 1 through 118 of plaintiff's Complaint as if set forth at length herein, and they deny the allegations contained in paragraph 119 of plaintiff's Complaint.

120. Defendants deny the allegations contained in paragraph 120 of plaintiff's Complaint.

121. Defendants deny the allegations contained in paragraph 121 of plaintiff's Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, statute of repose, and/or by the equitable doctrines of laches and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, release, and waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged damages, if any are proven, were not proximately caused by any act or omission of any of the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

If plaintiff suffered any of the injuries, losses, and damages alleged, then said injuries, losses, and damages were a direct and proximate result of a responsible, superseding, and/or intervening cause.

## SIXTH AFFIRMATIVE DEFENSE

Defendants state that if plaintiff has suffered any of the injuries, losses, and damages alleged, then said injuries, losses, and damages were due to an allergic, idiosyncratic, or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident or preexisting condition, without any negligence and culpable conduct by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, modification, alteration, omission, or fault of one or more persons or entities over whom Defendants exercised no control and for whom Defendants are not legally responsible, including, without limitation, plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the "state of the art" and "state of scientific knowledge" defenses.

**TENTH AFFIRMATIVE DEFENSE**

The duty to warn, if any, extends only to plaintiff's physician and not directly to plaintiff. Therefore, plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

The United States Food and Drug Administration ("FDA") approved the labeling for ORTHO EVRA®, and the marketing and/or distribution of ORTHO EVRA® conformed with FDA requirements and all other applicable statutes at all times pertinent to the Complaint. *See* 21 U.S.C. §301 *et seq*. *See also* 71 Fed. Reg. 3922 (January 24, 2006).

**TWELFTH AFFIRMATIVE DEFENSE**

Because the FDA approved ORTHO EVRA®, plaintiff's claims that Defendants are strictly liable are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4 and 6 and comments thereto.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants did not make to plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law. To the extent that plaintiff relies on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity

with Defendants and/or for failure of plaintiff, or Plaintiff's representatives, to give timely notice to Defendants of any alleged breach of warranty. Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future, as enacted in the State of Rhode Island, and any other state whose law is deemed to apply in this case.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are preempted expressly and impliedly by the Supremacy Clause of the Constitution of the United States of America and by applicable federal statutes and regulations thereunder.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's product liability claims are barred because the benefits of the relevant product outweighed its risks.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any imposition of punitive damages in this case against Defendants is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States or the Constitution of the State of Rhode Island.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The imposition of punitive or exemplary damages against the defendants would violate the defendants' constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth

Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Rhode Island Constitution and/or the common law and public policies of Rhode Island, and/or applicable statutes and court rules, in the circumstances of this litigation.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to plead fraud and/or misrepresentation with specificity.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants are entitled to a setoff for all amounts paid, payable by, or available from collateral sources.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants hereby raise, assert, and preserve their defense of improper venue.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Comm., 531 U.S. 341 (2001).

**TWENTY--THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by her abuse and/or misuse of the ORTHO EVRA® product.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

To the extent not incorporated above, Defendants raise all affirmative defenses available under the law of the forum in which the alleged cause of action arose.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants reserve their right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

WHEREFORE, Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, L.L.C. respectfully demands judgment dismissing plaintiff's Complaint with prejudice and any further relief that the Court may deem just and proper.

| | |
|---|---|
| | Respectfully submitted,<br><br><br>*/s/ Paul Sullivan* |
| Of Counsel:<br>Susan M. Sharko<br>Drinker Biddle & Reath LLP<br>*A Delaware Limited Liability Partnership*<br>susan.sharko@dbr.com<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>(Phone) 973-360-1100 | Paul Sullivan, Esq.<br>Direct: 401-621-4652<br>Morrison Mahoney LLP<br>121 South Main Street, Suite 600<br>Providence, RI 02903-7141<br>(Phone) 401-331-4660<br>(e-mail) pvsullivan@morrisonmahoney.com<br><br>Attorney for Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, L.L.C. |

**JURY DEMAND**

Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research & Development, L.L.C. hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

*/s/ Paul Sullivan*

Paul Sullivan, Esq.
Direct: 401-621-4652
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(Phone) 401-331-4660

Attorney for Defendants Johnson & Johnson,
Ortho-McNeil Pharmaceutical, Inc. and
Johnson & Johnson Pharmaceutical Research
& Development, L.L.C

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Paul Sullivan*

Paul Sullivan, Esq.
Direct: 401-621-4652
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(Phone) 401-331-4660

Attorney for Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, L.L.C.

1636083.1